RECEIVED CLERK'S OFFICE

2009 AUG 14 A 9: 45

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Lloyd Eugene Brown,                )      C. A. No. 09-0434-RBH-RSC
#30432-074,                        )
                                   )
            Plaintiff,             )
                                   )
      -versus-                     )      **REPORT AND RECOMMENDATION**
                                   )
Rex Blocker, MD and                )
Louisa Rosario, HSA, in their      )
individual capacities,             )
                                   )
            Defendants.            )

This <u>Bivens</u>[1] action brought on February 16, 2006, by a then federal prisoner, proceeding <u>pro se</u> and <u>in forma pauperis,</u> is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' motion to dismiss the complaint filed on July 6, 2009.  28 U.S.C. § 636(b).

The plaintiff, Lloyd Eugene Brown, named as defendants Rex Blocker, M.D. and Louisa Rosario, Health Services Administrator (H.S.A.), medical care providers at the Federal Correctional Institution ("FCI"), located in Edgefield, South Carolina. Specifically, Plaintiff asserted that the defendants refused to give him a "medically unassigned" status, which would have excused him from work based upon his medical condition.  The

---

[1] Section 1983 is not applicable in suits filed against any federal officials.  However such relief is available: "Federal courts have power under 28 U.S.C. §1331 (1994) to award damages occasioned by infringements by federal officials of constitutionally protected interests." <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

defendants' refusal to so classify the plaintiff resulted in his being required work which work required him to "wheel out in his wheel chair to the recreation yard and bend down lower than his feet and pick up rocks and stones on four different occasions for several hours." The work caused him great pain and "physical harm." Complaint, pp. 7 14. Plaintiff argued that this conduct constituted cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff prayed for money damages.

On July 7, 2009, the plaintiff was provided a copy of the defendants' motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Plaintiff filed a response in opposition to the motion on August 10, 2009. Hence it appears consideration of the motion is appropriate.

## Motion to Dismiss Standard

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). "The pleading must contain something more ... than ... a

statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848, 1850, 48 L.Ed.2d 338 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 1849, 23 L.Ed.2d 404, reh'g denied, 396 U.S. 869, 90 S.Ct. 35, 24 L.Ed.2d 123 (1969). The court will "presume that general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 2137, 119 L.Ed.2d 351 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

## Prisoner Work Assignment

Forcing a prisoner to work, alone, is not unconstitutional. Moody v. Baker, 857 F.2d 256, 258 (5th Cir. 1988) (per curiam). However,

> when the type of work to which the convict is
> assigned admittedly worsens a pathological

3

condition, such work must be deemed cruel and
unusual punishment within the meaning of the
Eighth Amendment to the United States
Constitution, when the work has been assigned with
the knowledge of the condition and that it will be
worsened thereby or when it has been continued
with the same knowledge. At least this is so
where the pathological condition is a medically
serious one, and the worsening is significant.

Jackson, 864 F.2d 1235, 1246 (5th Cir. 1989) (quoting Black v.

Ciccone, 324 F.Supp. 129, 133 (W. D. Mo. 1970)); see also Mendoza

v. Lynaugh, 989 F.2d 191, 194 (5th Cir. 1993) ("To be sure, if

prison officials assign an inmate to work detail and they know

that such an assignment could exacerbate a serious physical

ailment, then such a decision could constitute deliberate

indifference."). All of these legal principles were clearly

established in 2006 and early 2007 when the challenged conduct

occurred.

## DISCUSSION

A review of the record and relevant case law reveals that

the defendants' motion should be denied and discovery should be

conducted.

Plaintiff alleges that the defendants assigned Plaintiff to

work at the facility when they knew that he was unable to walk or

stand without assistance and knew that he was confined to a

wheelchair. Plaintiff alleged that in August 2006, he had an

orthopedic consultation which showed that he had failed back

syndrome. Further, an orthopedist, Dr. Holford, ordered a CAT

4

scan to confirm pseudoarthrosis (fractured fusion) and/or spinal stenosis. After reviewing the CAT scan "Dr. Holford recommended extensive back surgery." Complaint ¶ 52. As a result of the defendants' refusal to allow him a work waiver he was made to perform painful work which caused physical harm to the plaintiff. Thus, Plaintiff asserts a Eighth Amendment claim of cruel and unusual punishment for being made to work beyond his medical ability and restrictions.[2]

Medical records, affidavits attesting the adequacy of the defendants response to Plaintiff's requests to be excused from work, and other relevant evidence certainly may show that there is no triable issue, but the defendants here jumped the gun by moving to dismiss the complaint before any discovery. Plaintiff adequately pleaded his cause of action and the motion should be denied.

---

[2] In his reply, the plaintiff indicated that he was not pursuing a claim that his medical treatment was deficient and the he was not pursuing any claim alleging a deprivation of his right to due process of law. Therefore, the sole claim remaining is his claim that the defendants' actions in not designating him as "medically unassigned" violated his Eighth Amendment rights.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the defendants' motion to dismiss the complaint be denied.

Respectfully Submitted,

*Robert S. Carr*

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

August 13, 2009

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985).